ANTI-KALSOMINE CO. *v.* KENT CIRCUIT JUDGE.

TRIAL—ACCOUNTS—ORDER OF REFERENCE — DISCHARGE OF AUDI-
TOR—MANDAMUS.

Under 3 Comp. Laws 1897, §§ 10098, 10102, authorizing trial
courts to appoint auditors to investigate accounts, and to dis-
charge them for sufficient reasons, and appoint others, an
order discharging an auditor appointed to take an account is
within the discretion of the trial court, and, in the absence of
abuse of such discretion, *mandamus* will not issue to set
aside the order.

*Mandamus* by the Anti-Kalsomine Company to compel
Willis B. Perkins, circuit judge of Kent county, to set
aside an order discharging an auditor. Submitted March
7, 1900. Writ denied April 24, 1900.

*T. J. O'Brien* and *Wanty & Knappen*, for relator.

*Hyde, Earle & Thornton*, for respondent.

LONG, J. In 1898, Melvin B. Church brought a suit at
law by declaration against the relator in the Kent circuit
court. Relator demurred to the declaration, and the de-
murrer was sustained in the court below. The case being
removed into this court, it was remanded, and the relator
given 20 days in which to plead. In the opinion in that
case it was said that the court below was authorized to
appoint one or more auditors to investigate the accounts,
and take evidence in relation thereto, and to make a report
thereon, which report might be used in a jury trial; ·citing
2 How. Stat. §§ 7386, 7391. The case is reported in 118
Mich. 219 (76 N. W. 383).

It appears that the court below thereafter appointed one
auditor, to whom the case was referred. Thereafter
plaintiff in the cause made application to this court for
*mandamus* to compel the court below to set aside that

appointment. This was refused. Certain proceedings were had before the auditor, when he made a report to the circuit court, embodying his conclusions as to the scope of his duties and powers, in view of the apparently irreconcilable conflict of opinion between the contesting parties before him. A motion was then made by the plaintiff to discharge the auditor, and the order was made. This application is for *mandamus* to compel the court below to set that order aside. A return has been made to an order to show cause, and the circuit judge sets out fully the reasons why the order of discharge was made. It is claimed therein that the appointment, under the terms of the statute, was one within the discretion of the trial court, and that the order revoking the appointment was also within his discretion.

We think this is true. The statute, by section 7386, provides that the court may appoint one or more auditors when it shall appear that the trial will require the investigation of accounts or the examination of vouchers. Section 7390 provides that the court may, for sufficient reasons, discharge the auditors, and appoint others, and may also recommit the report for revision or further examination, etc.

Counsel for relator are in error in supposing that this court held, in deciding the demurrer, that the case should be referred to an auditor. It is true that it was suggested that the trial court had the power, under the statute, to appoint auditors, but it was not determined that the case should be so submitted; and again, in the *mandamus* case afterwards brought, it was not so determined, but it was thought the appointment was within the discretion of the court, and the order was not disturbed.

We are therefore of the opinion that the order discharging the auditor is within the discretion of the court, and we are not able to say that the discretion has been abused. The writ must be denied, with costs.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred with LONG, J.

GRANT, J.   I concur in the conclusion reached by my
Brother LONG.   I desire to express my reasons therefor
more fully, in view of the trial to be had before the jury.
It was held by us that, upon the declaration filed, this was
a proper case for reference to an auditor under the statute.
In compliance with that decision, Judge Adsit made an
order of reference.   After the expiration of his term of
office, his successor, upon petition of the plaintiff, dis-
charged the auditor from any further consideration of the
case.   This was based upon a report of the auditor upon
the conflicting claims of the parties, and his difficulty in
determining the extent of his authority under the statute.
As I read the record, Judge Perkins did not arbitrarily
set aside the order of his predecessor, but made the order
upon the concession of the plaintiff in his petition and be-
fore the auditor that the books are correct, and that, if he
has any claim, it is based upon fraud, with which the
books have nothing to do.   This being so, I think the
circuit judge acted within his authority, and with proper
discretion.   By plaintiff's concession, both before the
auditor and upon his petition, he is now estopped to
contest the correctness of the books, and a necessity for
an accounting is thus obviated.   So far, therefore, as the
books of the defendant and the Diamond Wall-Finish
Company are concerned, they must be taken as correct in
the trial before the jury.   Plaintiff now stands before the
court admitting that the books show no fraud, that they
are correct, and that his claim is based upon matters
entirely outside of them.